Estate of Mollie J. Levert (Deceased), J. Alfred Levert, Executor v. Commissioner.
Estate of Mollie J. Levert v. Commissioner
Docket No. 36748.
United States Tax Court
1953 Tax Ct. Memo LEXIS 153; 12 T.C.M. (CCH) 896; T.C.M. (RIA) 53271; August 11, 1953
*153 1. Real or immovable property is exclusively subject to the law of the state in which it is situated, and no interference with it by law or any other sovereignty is permitted. 2. Rents from realty situated in Alabama, separately owned by the wife, are taxable to her individually and not to the marital community domiciled in Louisiana, even though such rents constitute community income under the laws of Louisiana. Robert A. Ainsworth, Jr., Esq., 1650 National Bank of Commerce Building, New Orleans, La., for the petitioner. Marl B. Peek, Esq., for the respondent. ARUNDELL
Memorandum Findings of Fact and Opinion The respondent determined a deficiency of $3,003.03 in the income tax of the decedent, Mollie J. Levert, for the taxable year 1945. This action is brought by her estate through J. Alfred *154 Levert, the executor, to test the correctness of that determination. The sole issue to be decided herein is whether rents from realty situated in the State of Alabama and the separate property of decedent, who was domiciled in the State of Louisiana, were community income or whether they were taxable as the separate income of decedent. The remaining issues raised in the deficiency notice have been conceded by respondent and can be disposed of under Rule 50. Findings of Fact Mollie J. Levert, the decedent, and J. Alfred Levert were wife and husband throughout the taxable year 1945 and until the time of her death on February 1, 1948, and during this period they were domiciled in the City of New Orleans, State of Louisiana. Decedent was the owner of an undivided one-twelfth interest in and to certain real property situated in the City of Birmingham, State of Alabama, such undivided one-twelfth interest having been inherited by her. Throughout the taxable year 1945, the Florence Agency of Birmingham, Alabama, collected the rents on said real property and disbursed the net income therefrom to the several undivided owners, including decedent. She received during such taxable year *155 from the said Florence Agency as her share of her undivided one-twelfth interest in such real property, income in the amount of $9,331.76. Decedent, in her income tax return, Form #1040, for the taxable year 1945, included in gross income one-half of $9,331.76, or $4,665.88. Opinion ARUNDELL, Judge: It is petitioner's position that under the community property laws of Louisiana accrued rents fall into community income regardless of the location of the source of those rents. Article 2386 of the Louisiana Revised Civil Code, as amended. [1] But the question here raised has already been decided against petitioner. In the controlling case of , certiorari denied , the Circuit Court of Appeals for the Fifth Circuit, in holding that rents from separately owned realty in California did not constitute community income to a marital couple domiciled in Texas, stated: "It is universally held that real or immovable property is exclusively subject to the law of the country or State in which it is situated, and no interference with it by the law of any other sovereignty is permitted. * * * These rules apply to questions *156 of the marital rights of spouses in property." 11 Am. Jur., Conflict of Laws, sections 50, 85. To transfer to decedent's husband a one-half interest in the rents and profits of her separately owned realty in Alabama would, in effect, constitute the giving to her husband of a one-half interest in the realty during the period of marriage. We think it is now well settled that the law of Louisiana is ineffective to accomplish such a result. We, therefore, conclude *157 that the rents in question are governed by the law of the situs of the realty. Under the law of Alabama, the rents clearly were the separate property of the wife. [2] It follows that the respondent properly determined that the rents in question were taxable as the separate income of decedent. Decision will be entered under Rule 50. Footnotes
1. "Fruits of Paraphernal Property - Ownership. - The fruits of the paraphernal property of the wife, wherever the property be located and however administered, whether natural, civil, including interest, dividends, rents, or from the result of labor, fall into the conjugal partnership, if there exists a community of acquets and gains; unless the wife, by a written instrument, shall declare that she reserves all of such fruits for her own separate use and benefit and her intention to administer such property separately and alone. The said instrument shall be executed before a notary public and two witnesses and duly recorded in the conveyance records of the parish where the community is domiciled." [Italics supplied.]↩
2. Alabama Code of 1940, title 34, paragraph 65. "All property of the wife, held by her previous to the marriage, or to which she may become entitled after her marriage, in any manner, is the separate property of the wife, and is not subject to liabilities of the husband."↩